RECEIVED IN PRO SE
MAY 9 2023 @ 3:21 PM
VIA BOX.COM

# AFFIDAVIT of TRUTH

I, Donnell Russell has no record or evidence that any attorney can lawfully testify in brief or in oral argument before the court against Donnell Russell, as per citations exhibited in NOTICE OF ATTORNEYS NOT ALLOWED TO TESTIFY.

ADMIT - Libellees listed in this document admit to the truth and guilt of attorneys making accusations and testimony against Donnell Russell.

Seth D. DuCharme, EASTERN DISTRICT ATTORNEY or ASSIGNS

Anna Karamigios, EASTERN DISTRICT ATTORNEY or ASSIGNS

Maria Cruz Melendez, EASTERN DISTRICT ASSISTANT ATTORNEY or ASSIGNS

Laura E Geddes, EASTERN DISTRICT ASSISTANT ATTORNEY or ASSIGNS

Nadia Shihata, EASTERN DISTRICT ASSISTANT ATTORNEY or ASSIGNS

Douglas Morris, COUNTY PUBLIC DEFENDER or ASSIGNS

Nora K. Hirozawa, COUNTY PUBLIC DEFENDER or ASSIGNS

Ann Donnelly JUDGE, UNITED STATES DISTRICT COURT OF NEW YORK, COUNTY OF KING

Brenna B. Mahoney, EXECUTIVE OFFICER/ CLERK OF THE COURT

## NOTICE OF ATTORNEYS NOT ALLOWED TO TESTIFY

It's a VIOLATION of the 11th Amendment for a FOREIGN CITIZEN to INVOKE the JUDICIAL POWER of the State.

Article XI.
The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

US citizens (FEDERAL CITIZENS) are FOREIGN to the several States and SUBJECTS of the FEDERAL UNITED STATES/STATE of NEW COLUMBIA/DISTRICT OF COLUMBIA.

**ATTORNIES are considered FOREIGN AGENTS under the FOREIGN AGENTS REGISTRATION ACT (FARA) and are SUBJECTS of the BAR ASSOCIATION.**

**Government Is Foreclosed from Parity with Real People**

– Supreme Court of the United States 1795

**"Inasmuch as every government is an artificial person, an abstraction, and a creature of the mind only, a government can interface only with other artificial persons. The imaginary, having neither actuality nor substance, is foreclosed from creating and attaining parity with the tangible. The legal manifestation of this is that no government, as well as any law, agency, aspect, court, etc. can concern itself with anything other than corporate, artificial persons and the contracts between them."**
S.C.R. 1795, Penhallow v. Doane's Administraters (3 U.S. 54; 1 L.Ed. 57; 3 Dall. 54),

Supreme Court of the United States 1795 -----

And,

"An attorney for the plaintiff cannot admit evidence into the court. He is either an attorney or a witness".
(*Trinsey v. Pagliaro* D.C.Pa. 1964, 229 F. Supp. 647)

This applies both with Federal Rules of Evidence and State Rules of Evidence.... there must be a competent firsthand witness (a body). Their has to be a real person making the complaint and bringing evidence before the court. **Corporations are paper and can't testify**.

*"Manifestly, [such statements] cannot be properly considered by us in the disposition of [a] case."* **United States v. Lovasco** (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752,

*"Under no possible view, however, of the findings we are considering can they be held to constitute a compliance with the statute, since they merely embody conflicting **statements of counsel** concerning the facts as they suppose them to be and their appreciation of the law which they deem applicable, there being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted."* **Gonzales v. Buist**. (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463.

*"No instruction was asked, but, as we have said, the judge told the jury that they were to regard only the evidence admitted by him, not **statements** of **counsel**"*, **Holt v. United States**, (10/31/10) 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2,

*"The prosecutor is not a witness; and he should not be permitted to add to the record either by subtle or gross improprieties. Those who have experienced the full thrust of the power of government when leveled against them know that the only protection the citizen has is in the requirement for a fair trial."* **Donnelly v. Dechristoforo**, 1974.SCT.41709 <http://www.versuslaw.com> ¶ 56; 416 U.S. 637 (1974) Mr. Justice Douglas, dissenting.

"Care has been taken, however, in summoning witnesses to testify, to call no man whose

Donnell Russell Affidavit of Truth         Page **2** of **4**

*character or whose word could be successfully impeached by any methods known to the law. And it is remarkable, we submit, that in a case of this magnitude, with every means and resource at their command, the complainants, after years of effort and search in near and in the most remote paths, and in every collateral by-way, now rest the charges of conspiracy and of gullibility against these witnesses, only upon the bare* **statements of counsel***. The lives of all the witnesses are clean, their characters for truth and veracity un-assailed, and the evidence of any attempt to influence the memory or the impressions of any man called, cannot be successfully pointed out in this record."* <u>Telephone Cases. Dolbear v. American Bell Telephone Company, Molecular Telephone Company v. American Bell Telephone Company. American Bell Telephone Company v.. Molecular Telephone Company, Clay Commercial Telephone Company v. American Bell Telephone Company, People's Telephone Company v. American Bell Telephone Company, Overland Telephone Company v. American Bell Telephone Company,</u>. (PART TWO OF THREE) (03/19/88) 126 U.S. 1, 31 L. Ed. 863, 8 S. Ct. 778.

"*Statements of counsel <u>in brief or in argument</u> are not sufficient for motion to dismiss or for summary judgment,*" ***<u>Trinsey v. Pagliaro</u>***, D. C. Pa. 1964, 229 F. Supp. 647.

"*Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court*" – **<u>Oklahoma Court Rules and Procedure, Federal local rule 7.1(h).</u>**

***<u>Trinsey v Pagliaro</u>*** D.C.Pa. 1964, 229 F. Supp. 647. "<u>Statements of counsel</u> in brief or in argument <u>are not facts</u> before the court and are therefore insufficient for a motion to dismiss or for summary judgment." Pro Per and pro se litigants should therefore always remember that the majority of the time, <u>the motion to dismiss a case is only argued **by the opposing attorney, who is not allowed to testify**</u> on the facts of the case, the motion to dismiss is never argued by the real party in interest.

"Where there are no depositions, admissions, or affidavits the court has no facts to rely on for a summary determination." ***<u>Trinsey v. Pagliaro</u>***, D.C. Pa. 1964, 229 F. Supp. 647.

***<u>Frunzar v. Allied Property and Casualty Ins. Co</u>***. (Iowa 1996)† 548 N.W.2d 880 Professional statements of litigants attorney are treated as affidavits, and attorney making statements may be cross-examined regarding substance of statement. [And, how many of those Ass-Holes have "first hand knowledge"? NONE!!!]

***<u>Porter v. Porter</u>*** (N.D. 1979) 274 N.W.2d 235 ñ The practice of an attorney filing an affidavit on behalf of his client asserting the status of that client is not approved, inasmuch as not only does the affidavit become **hearsay**, but <u>it places the attorney in a position of witness thus compromising his role as advocate</u>.

***<u>Deyo v. Detroit Creamery Co</u>*** (Mich 1932) 241 N.W.2d 244 ñ Statutes forbidding administering of oath by attorney's in cases in which they may be engaged applies to affidavits as well.

DONE on this 9th day of the fifth month, in the year of our Lord, Two thousand and twenty-three, near Chicago, Illinois.

_____                                      SEAL
Executor, in correct capacity as beneficiary of the Original Jurisdiction